DAVEY v. IKLE.

SPECIFIC PERFORMANCE—REHEARING—EVIDENCE.

Holder of vendor interest in land contract, being sued for specific performance of covenant to execute warranty deed and receive back a real-estate mortgage when purchasers had paid half of principal, *held*, not entitled to a trial on the merits on motion for rehearing, made after trial court made a finding from records presented and statements of counsel in open court that the purchasers had less than half of the principal sum yet to pay, where record shows defendant had had an opportunity to present proofs but had not done so nor given explanation for failure to do so.

Appeal from Lapeer; Quinn (Timothy), J. Submitted January 11, 1957. (Docket No. 53, Calendar No. 46,934.) Decided February 28, 1957.

Bill by Thomas E. Davey and Edna M. Davey against Mary Helen Ikle for specific performance of

REFERENCES FOR POINTS IN HEADNOTES
19 Am Jur, Equity § 417.

land contract, seeking deed with provision for mortgage to secure balance due. Decree for plaintiffs. Defendant appeals. Affirmed.

*Bebout & Potere,* for plaintiffs.

*Moran & Mack,* for defendant.

BLACK, J. The subject matter of this action in equity is an executory contract entered into June 11, 1943, for purchase and sale of Lapeer county real estate. Karl Tode and Louise Tode, husband and wife, were named therein as original vendors. Plaintiffs Thomas E. Davey and Edna M. Davey, husband and wife, together with Earl Wolfe and Thelma E. Wolfe, husband and wife, were named therein as original vendees. Wolfe and wife subsequently transferred their rights and interests to plaintiffs. Louise Tode predeceased Karl Tode. Karl Tode died testate. By his will all rights of the original vendors were duly bequeathed to the defendant, Mary Helen Ikle.

The contract provided and now provides: "that when the purchasers have paid $14,000* on the principal the seller agrees to deliver a warranty deed and receive back from the purchaser a real-estate mortgage on the above-described premises with payment of principal and interest to be the same as provided in this contract, with interest upon interest overdue hereon from maturity to date of payment, at the rate of 7% per annum."

This bill was filed July 13, 1955, for specific performance of the covenant just quoted. The plaintiff vendees alleged that they had duly paid a sum in excess of the required $14,000, and that they were entitled to receive a deed from defendant on compli-

---

* The total sale consideration was specified in the contract as $28,000.

ance with the requirement for simultaneous execution and delivery of a mortgage. Defendant denied that plaintiffs had paid the stipulated sum of $14,000, and went on to say (quoting from her answer):

"In support of this denial, defendant refers to the terms of the contract wherein it is provided that interest shall accrue at the rate of 4% except while the purchaser is in default, at which times interest shall accrue at the rate of 7%. Defendant alleges that, in accordance with the terms of the contract, the purchaser having been repeatedly in default, interest should be computed at the contract rate of 7% which, with taxes and insurance payments heretofore made by defendant, total the balance now owing upon said contract upwards of $19,000."

The issue, then, became one of calculation of amount due as of filing date of plaintiffs' bill. It was resolved below in favor of the plaintiffs.

The case is unusual in that no testimony was taken. It was submitted by original counsel for all parties on statements made by such counsel in open court and upon records considered in the course of such statements. It was shown in such manner that Mr. and Mrs. Tode, during their respective lifetimes, had continued to calculate the contract rate of interest at 4% regardless of default, and that they continued to indorse payments on the contract over a period of years according to such stipulated rate. It was shown also that the contract was formally assigned to defendant Ikle, by Mr. Tode's executor, and that the instrument of assignment (dated May 15, 1953) recited a then unpaid contract balance of $14,450.76. Finally, it was established that 3 payments of principal and included interest were thereafter made on the contract aggregating $2,700 in all.

There having been no request that testimony be taken, and all counsel having indicated desire that

the court settle the pleaded issue on the record as made, Judge Quinn proceeded to determine the amount due from the mentioned executor's assignment and payments subsequently made. On that basis he found that "as of May 1, 1954, the outstanding balance was $12,581.02."

A decree was duly entered on strength of such finding. The decree determines (as of its date) the amount due defendant from plaintiffs under the contract to be $13,105.02; requires defendant to execute and deliver a warranty deed according to the contract; orders plaintiffs to execute and deliver to defendant a note and mortgage in the sum of $12,500, and orders plaintiffs to pay defendant an adjusting sum of $605.22 forthwith.

Defendant moved in due time for rehearing. The motion proffered no testimony or proof and alleged simply that the chancellor's calculation of amount due was erroneous. It was promptly denied. This appeal from the decree followed.

Reasons and grounds for such appeal follow:

"1. That no testimony or evidence of any kind was produced in the trial of said cause on which a trial court could base its decree.

"2. That the trial court erred in granting plaintiff and appellee its decree without hearing any witnesses or receiving any evidence, written or oral, to substantiate the allegations of plaintiffs' bill of complaint, the defendant not having been defaulted, nor there being any stipulation as to the facts of the case.

"3. That the trial court erred in not granting defendant's motion for an order setting aside the decree in said cause and granting a rehearing thereon."

We are asked, by substituted counsel for defendant, to order that this case be reheard and that defendant "be allowed a trial on the merits of the issues raised by the pleadings of this case and that the wit-

nesses and testimony and evidence for both sides may be properly received by a trial court." We are not inclined to grant any such relief. in view of defendant's unexplained failure to offer testimony when opportunity therefor was presented according to our practice. As was said in *McClung* v. *McClung,* 40 Mich 493, 495, 496:

"The court necessarily retains power to protect parties against surprise; but no one can be allowed to wait beyond the ordinary period for closing proofs, and then get leave to bring in his contradictory testimony without showing very clearly that justice requires it, and that he has not been at fault so far as to have lost his claim to favor. *Thayer* v. *Swift,* Walk Ch (Mich) 384; *Hamersly* v. *Lambert,* 2 Johns Ch (NY) 432."

The chancellor's decree on the record before him accords with principles of equity. It is accordingly affirmed, with costs to plaintiffs.

DETHMERS, C. J., and SHARPE, SMITH, EDWARDS, VOELKER, KELLY, and CARR, JJ., concurred.