HEINS v DETROIT OSTEOPATHIC HOSPITAL CORPORATION

Docket No. 77176. Submitted October 3, 1985, at Detroit.—Decided April 9, 1986.

Plaintiff, Dianna Heins, administratrix of the estate of Thomas Heins, deceased, brought a medical malpractice action in the Macomb Circuit Court against defendants, Detroit Osteopathic Hospital Corporation, doing business as Bi-County Community Hospital, and Clark J. Okulski, D.O. Following a trial before the court and a jury, the trial court, Raymond R. Cashen, J., granted defendant hospital's motion for a directed verdict and entered an order to that effect. The jury returned a verdict for the defendant doctor and a judgment and order was entered in conformance therewith. Plaintiff appeals from the order for the directed verdict and the judgment and order on the jury's verdict. *Held:*

1. Reversible error did not occur in regard to defense counsel's closing argument.

2. The trial court did not err in refusing to allow the plaintiff to amend her complaint two weeks into the trial to allege a violation of federal regulations and accreditation guidelines or in refusing to allow the admission of such regulations and guidelines into evidence.

3. The trial court properly granted a directed verdict in favor of defendant hospital.

4. It was not error to allow an expert witness to be im-

REFERENCES

Am Jur 2d, Appeal and Error §§ 105 *et seq.,* 545 *et seq.*

Am Jur 2d, Expert and Opinion Evidence §§ 33 *et seq.*

Am Jur 2d, Hospitals and Asylums §§ 114 *et seq.*

Am Jur 2d, Trial §§ 189 *et seq.*

Application of rule of strict liability in tort to person or entity rendering medical services. 100 ALR3d 1205.

Hospital's liability for negligence in failing to review or supervise treatment given by individual doctor, or require consultation. 14 ALR3d 873.

See also the annotations in the ALR3d/4th Quick Index under Appeal and Error; Conduct of Counsel, Judge, Juror, Etc.; Malpractice.

peached by use of a test that was established to be reliable by another expert pursuant to MRE 707.

5. Reversible error did not occur in regard to the trial court's remarks concerning the credibility of a defense expert witness.

6. The trial court did not err in refusing to instruct the jury on more than one proximate cause by failing to give SJI2d 15.03.

7. No error occurred in regard to the jury instructions.

Affirmed.

1. APPEAL — IMPROPER CONDUCT OF ATTORNEY.

An appellate court reviewing an appeal asserting the improper conduct of an attorney must first determine whether the claimed error was in fact error and, if so, whether it was harmless; if the error is found to be not harmless, the next inquiry is whether the error was properly preserved for appellate review by objection and request for instruction or motion for mistrial; there is a right to appellate review if the error is so preserved; if not, the court must further decide whether a new trial should nevertheless be ordered because what occurred may have caused the result or played too large a part and may have denied a party a fair trial; a new trial may be granted if the court cannot say that the result was not affected.

2. TRIAL — ARGUMENT OF COUNSEL — APPEAL.

Allowance of statements made by counsel in closing argument is not error if made in response to arguments by opposing counsel.

3. APPEAL — DIRECTED VERDICT.

The Court of Appeals reviews a trial court's grant of a directed verdict by reviewing all the evidence in a light most favorable to the nonmoving party while granting the nonmoving party every reasonable inference.

4. HOSPITALS — MALPRACTICE — PHYSICIANS AND SURGEONS — DIRECTED VERDICTS.

A directed verdict for a defendant hospital was proper in a medical malpractice action brought against the hospital and a physician where all the evidence reveals that the plaintiff and the physician had a relationship independent of the hospital and that the hospital was merely to be the site where the physician treated plaintiff and, therefore, the hospital would not be liable for any malpractice by the physician.

5. WITNESSES — EXPERT WITNESSES — IMPEACHMENT — EVIDENCE — RULES OF EVIDENCE.

An expert witness may be impeached by use of a text which has

been established to be a reliable authority by another expert pursuant to the rule of evidence pertaining thereto (MRE 707).

6. APPEAL — JUDICIAL COMMENT.

The Court of Appeals, in determining whether certain remarks made during trial by a trial court were improper, will consider the context in which they were made.

7. WITNESSES — EXPERT WITNESSES — IMPEACHMENT — BIAS.

Evidence regarding an expert witness's pattern of testifying as an expert witness for malpractice defendants is only minimally probative of bias, and impeachment by such evidence should be carefully scrutinized by the trial court.

*James F. Finn,* for plaintiff.

*Dice, Sweeney, Sullivan, Feikens, Hurbis & Foster, P.C.* (by *William C. Hurley*), for Detroit Osteopathic Hospital Corporation.

*Kerr, Russell & Weber* (by *C. Kenneth Perry, Jr.,* and *James W. Seitz*), for Clark J. Okulski, D.O.

Before: D. E. HOLBROOK, JR., P.J., and R. B. BURNS and K. B. GLASER,* JJ.

PER CURIAM. Plaintiff appeals as of right from a jury verdict of no cause of action in favor of defendant Clark J. Okulski, D.O., and from a directed verdict in favor of defendant Detroit Osteopathic Hospital Corporation. Plaintiff's decedent, Thomas Heins, was 37 years old on the date of his death. He is survived by his wife and two children. The death certificate stated the cause of death as cardiopulmonary arrest and pulmonary embolism. During the four months preceding his death, he was being treated for hydrocephalus, a brain aliment. It is the plaintiff's contention that the defendants were negligent in their handling of Thomas's illness and did not provide the reason-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

able recognized standard of care. On appeal plaintiff contends that error occurred in the jury instructions and in several evidentiary rulings. We do not agree and, therefore, the trial court's decision is affirmed.

Plaintiff argues that the defense counsel's closing argument was so improper as to have deprived her of a fair trial. Plaintiff's objections are basically to defense counsel's use of the word "lying", that defense counsel interjected his personal opinions and beliefs into the argument, and that he insinuated that Dr. Granger (an expert) was a professional witness. Our review of this issue is guided by *Reetz v Kinsman Marine Transit Co,* 416 Mich 97, 102-103; 330 NW2d 638 (1982).

"When reviewing an appeal asserting improper conduct of an attorney, the appellate court should first determine whether or not the claimed error was in fact error and, if so, whether it was harmless. If the claimed error was not harmless, the court must then ask if the error was properly preserved by objection and request for instruction or motion for mistrial. If the error is so preserved, then there is a right to appellate review; if not, the court must still make one further inquiry. It must decide whether a new trial should nevertheless be ordered because what occurred may have caused the result or played too large a part and may have denied a party a fair trial. If the court cannot say that the result was not affected, then a new trial may be granted." (Footnotes omitted.)

The allowance of counsel's use of the word "lying" is not reversible error. The allowance of statements made by counsel in closing argument is not error if the statements are made in response to arguments by opposing counsel. *Carbonell v Bluhm,* 114 Mich App 216, 221-222; 318 NW2d 659 (1982).

Counsel's characterization of Dr. Granger as a

professional witness was not inappropriate as Dr. Granger testified that his practice was indeed limited to evaluations only. As for the objections to the statements that counsel prefaced with "I believe" and "I think", the trial court did give a curative instruction informing the jury that the opinions of counsel are not evidence and are not important. We do not find any reversible error.

Plaintiff argues that it was error for the trial court to refuse to allow the amendment of plaintiff's complaint to allege a violation of federal regulations and accreditation guidelines. This issue arose during trial when plaintiff attempted to have the court take judicial notice of certain federal regulations. Counsel for the hospital objected on the basis that a violation of regulations had not been pled. The trial court refused to permit the admission of these regulations into evidence on the grounds that it was now two weeks into the trial and that the defendants were entitled to notice of what they were going to have to defend. Our review of the record reveals that plaintiff was attempting to introduce a new claim of prima facie negligence by violation of a regulation. We can find no error in the trial court's refusal to deny admission of the regulations and standards. *Anderson v Harry's Army Surplus, Inc*, 117 Mich App 601, 608; 324 NW2d 96 (1982).

Plaintiff contends that it was error for the trial court to grant a directed verdict in favor of defendant hospital. We review all the evidence in a light most favorable to the nonmoving party, granting him every reasonable inference. *Rushing v Wayne County*, 138 Mich App 121, 132; 358 NW2d 904 (1984). We agree with the trial court. All the evidence reveals that plaintiff's decedent and the physician had a relationship independent of the hospital and that the hospital was merely to

be the site where the doctor treated him. *Grewe v Mount Clemens General Hospital*, 404 Mich 240, 251; 273 NW2d 429 (1978). Accordingly, the hospital would not be liable for any doctor malpractice in the instant case and we find no error.

Plaintiff argues that error occurred when an expert was impeached by use of a text not established as a reliable authority. We have reviewed the testimony and we find that this text was established to be reliable by another expert pursuant to MRE 707. Thus it was not error to have the witness impeached by use of the text.

Plaintiff also claims that the trial court impermissibly vouched for a defense expert witness's credibility. Plaintiff's counsel was attempting to show that the witness was biased in favor of defendants when the trial court said:

"Well, I think it is apparent to the jury that the witness is giving his opinion of the document [Heins's medical file] which he read and the questions that were put to him regardless of who put them or some who— someone who submitted the document."

Plaintiff did not object to these remarks at trial. Considering the context in which these remarks were made, we find no reversible error in the statements. *Keefer v C R Bard, Inc*, 110 Mich App 563, 577; 313 NW2d 151 (1981). In the instant case the trial judge's allegedly improper remarks were made after plaintiff's counsel had attempted to impeach the witness's impartiality by showing his potential bias in favor of malpractice defendants. "* * * [S]uch testimony is only minimally probative of bias and should be carefully scrutinized by the trial court." *Wilson v Stilwill*, 411 Mich 587, 601; 309 NW2d 898 (1981). Our review reveals that his statements were aimed at directing the course of the proceedings away from testimony of mini-

mal probative value. Furthermore, even if the statements were error, the trial judge did tell the jury that he did not mean to give an opinion and that they were the sole judges of the facts. Such an instruction would sufficiently cure any error. *Keefer, supra.*

Plaintiff contends that the trial court erred in refusing to instruct on more than one proximate cause. The instruction that the judge refused to read was SJI2d 15.03, which reads:

"There may be more than one proximate cause. To be a proximate cause, the claimed negligence of the [defendant/defendants] need not be the only cause nor the last cause. A cause may be proximate although it and another cause act at the same time or in combination to produce the occurrence."

The trial judge felt that this instruction was inapplicable as there were not multiple parties in this action. After reviewing the record, we agree that this instruction was not applicable. *Warner v General Motors Corp,* 137 Mich App 340; 357 NW2d 698 (1984).

Plaintiff also argues that the trial court's burden-of-proof instruction and the professional-negligence instruction were erroneous. We have carefully reviewed the jury instructions as a whole and when they are read in their entirety we find no error. *People v Seabrooks,* 135 Mich App 442; 354 NW2d 374 (1984), and *People v Wise,* 134 Mich App 82, 96; 351 NW2d 255 (1984). Any error that may have occurred was promptly cured. *Van Every v Southeastern Michigan Transportation Authority,* 142 Mich App 256; 369 NW2d 875 (1985).

Accordingly, the directed verdict in favor of defendant hospital and the jury verdict of no cause of action in favor of defendant Okulski are affirmed.

Affirmed. Costs to appellees.