## PEOPLE v CHATFIELD

Docket No. 95153. Submitted May 13, 1987, at Lansing. Decided September 6, 1988. Leave to appeal applied for.

Charles D. Chatfield was convicted of assault with intent to commit murder and possession of a firearm during the commission of a felony following a jury trial in the Washtenaw Circuit Court, Henry T. Conlin, J. The trial court denied defendant's motion for a new trial. Defendant appealed.

The Court of Appeals *held:*

1. Refusal by the Court of Appeals to review certain remarks by the prosecutor which were not objected to by the defendant will not result in a miscarriage of justice in this case.

2. No miscarriage of justice warranting reversal occurred in regard to the jury instructions.

3. Defendant was not denied effective assistance of counsel.

Affirmed.

1. APPEAL — PRESERVING QUESTION — PROSECUTORIAL COMMENT.

Appellate review of a prosecutor's closing remarks which were not objected to at trial is foreclosed unless the failure to consider the issue would result in a miscarriage of justice.

2. TRIAL — EXPERT WITNESSES — PROSECUTORIAL COMMENT.

A prosecutor's attack on a defense expert's credibility during closing argument is not grounds for reversal where there is evidentiary support for the attack.

3. APPEAL — PRESERVING QUESTION — JURY INSTRUCTIONS.

A verdict will not be set aside on the basis of alleged error in instructions to which no objection was made in the trial court unless such error has resulted in a miscarriage of justice; a miscarriage of justice occurs when the erroneous or omitted instructions pertain to a basic and controlling issue in the case.

REFERENCES

Am Jur 2d, Expert and Opinion Evidence § 26 *et seq.*

Am Jur 2d, Trial §§ 305, 573 *et seq* 668.

See the Index to Annotations under Expert and Opinion Evidence; Prosecuting Attorneys.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *Marilyn A. Eisenbraun,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant.

Before: Danhof, C.J., and MacKenzie and J. P. Swallow,* JJ.

J. P. Swallow, J. Defendant was convicted of assault with intent to commit murder, MCL 750.83; MSA 28.278, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant appeals as of right upon denial of his motion for new trial. We affirm the decision of the trial court.

On the evening of January 16, 1985, defendant shot Charles Heath outside the Fox Village Theatre in Ann Arbor. Heath had previously been employed by defendant and, through this employment, became acquainted with defendant's wife, with whom he had an affair. Defendant divorced his wife, but continued to object to her ongoing relationship with Heath. On the night of the shooting, defendant's former wife was with Heath.

At trial, defendant asserted a defense of diminished capacity and testified that he had been drinking on the night of the offense. He stated that the situation between his former wife and Heath was killing him and he just wanted to have it over with and, finally, that he called the police immediately after the shooting because he was "dead on the inside" and he wanted them to come and get him.

A psychiatrist certified in forensic psychiatry testified as an expert witness for the defendant. He

---

* Circuit judge, sitting on the Court of Appeals by assignment.

testified that defendant was functionally illiterate and thus very dependent on his former wife and that she exploited defendant's dependence by constantly threatening to leave him. The psychiatrist was also of the opinion that stress caused by this situation in conjunction with defendant's alcohol consumption caused a disruption of defendant's mental functioning and that, on the evening of the offense, defendant's suppressed anger erupted and he reacted in a manner which was not conscious and controlled. Defendant's psychiatrist therefore concluded that there was a basis for the defense of diminished capacity.

On cross-examination, defendant's psychiatrist admitted that he knew defendant was involved in other occurrences similar to the instant offense and that defendant had lied and given different accounts of the amount of alcohol he had consumed prior to shooting the victim. He also acknowledged that he had often testified in various jurisdictions, that defendant had retained him and further stated the fee that he charged.

A court-appointed psychologist and forensic examiner disagreed with defendant's psychiatrist's opinion that defendant lacked the capacity to form the requisite intent. A psychiatrist retained by the prosecution also testified that the defendant was capable of forming specific intent.

As part of his rebuttal argument, the prosecutor stated:

> You heard [defendant's psychiatrist]—he goes all over the country testifying. He is a hired gun. He comes in here from Wayne County, from Detroit to testify. He was hired by the Defendant to come in here and testify. He wouldn't be here if his testimony was going to be that, yes, he knew what he was doing.

* * *

[Defendant's psychiatrist] is a hired gun. Some of the members of the jury that are a little bit older, you may remember that there used to be a television show and Richard Boone was in it and was called, "Palladin," and he had a little card that he passed out that said, "Have gun, will travel." [Defendant's psychiatrist] has got one of those. "Have opinion, will travel" for a fee. He is retained by the defense. He is going to come in here and say what he says.

Defense counsel did not object to the above argument as made by the prosecuting attorney.

Defense counsel now argues that the trial judge committed reversible error upon defendant's motion for new trial by holding that the above-quoted argument did not violate defendant's due process rights nor deny defendant his right to a fair trial.

Absent objection, appellate review of a prosecutor's closing remarks is foreclosed unless our failure to consider the issue would result in a miscarriage of justice. *People v Duncan,* 402 Mich 1, 15-16; 260 NW2d 58 (1977). We decline to decide whether the prosecutor's remarks should be deemed prosecutorial misconduct or allowed as fair comment upon the evidence. We conclude only that our refusal to review the prosecutor's remarks will not result in a miscarriage of justice in this case.

A prosecutor's attack on a defense expert's credibility is grounds for reversal where there is no evidentiary support for the attack. *People v Tyson,* 423 Mich 357; 377 NW2d 738 (1985); *People v Cowles,* 246 Mich 429; 224 NW 387 (1929); *People v Minnie Williams,* 218 Mich 697; 188 NW 413 (1922). In this case, unlike in *Tyson, Cowles* and *Williams,* there was a basis in evidence for the prosecutor's remarks. Defendant's psychiatrist admitted that he often testified in various jurisdictions and that defendant paid him to testify in this

case. See *People v Reggie Williams,* 162 Mich App 542, 548-549; 414 NW2d 139 (1987).

We note that defendant admitted that he shot Charles Heath and that strong evidence supported the jury's finding that defendant was criminally responsible for the shooting. We also base our decision on the trial court's instructions to the jury, on its role in evaluating witness credibility, that it was only to consider evidence in its deliberations and that attorneys' statements and arguments were not evidence. *People v Solak,* 146 Mich App 659, 678-679; 382 NW2d 495 (1985).

Defendant's second claim on appeal is that the jury was inadequately instructed. When no objection is made to an alleged error in the instructions, a verdict will not be set aside on the basis of such error unless it has resulted in a miscarriage of justice. *People v Federico,* 146 Mich App 776, 784; 381 NW2d 819 (1985), lv den 425 Mich 867 (1986). A miscarriage of justice occurs when the erroneous or omitted instructions pertain to a basic and controlling issue in the case. *Federico, supra,* p 785. Defense counsel made no objection to the jury instructions and, in fact, expressed satisfaction with them. We find no miscarriage of justice which could warrant reversal. The jury instructions, when taken as a whole, adequately informed the jury of defendant's theory of the case and the consideration to be given expert testimony.

Defendant's third claim is that he was denied effective assistance of counsel. The record does not show that defense counsel either fell below the standard of ordinary training and skill or made a serious mistake but for which the defendant had a reasonable likelihood of acquittal. *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976), reh den 399 Mich 1041 (1977).

Defendant's conviction is affirmed.