### HUNT v FREEMAN

Docket No. 173512. Submitted April 16, 1996, at Detroit. Decided June 4, 1996, at 9:15 A.M.

Audrey Hunt brought an action in the Wayne Circuit Court against Gordon Freeman, seeking damages for injuries sustained in an automobile accident. The jury returned a verdict awarding the plaintiff damages and finding her to have been fifty percent comparatively negligent. The court, Kaye Tertzag, J., awarded the defendant attorney fees as offer-of-judgment sanctions, reduced the verdict by that amount, and entered a judgment. The plaintiff appealed the denial of her motion for a new trial or additur and the appropriateness of the award of offer-of-judgment sanctions. The defendant cross appealed the amount of attorney fees awarded as offer-of-judgment sanctions.

The Court of Appeals *held*:

1. Defense counsel's argument that invited the jury to reduce the plaintiff's damages because her injury allegedly may have been exacerbated because she followed the advice of her podiatrist as opposed to the contrary advice of two orthopedic surgeons was improper and may have denied the plaintiff a fair trial. A patient may follow the advice of a licensed medical care provider without risking a reduced award of damages for following the advice. The plaintiff is not required to establish affirmative prejudice as a consequence of this improper argument. The judgment must be reversed and the case must be remanded for a new trial.

2. Defense counsel's argument, after the plaintiff acknowledged drinking part of a wine cooler before driving, that it was for the jury to decide whether it believed that the plaintiff's drinking part of the wine cooler affected her ability to perceive and react was not supported by appropriate foundation testimony showing that consuming part of a wine cooler could affect a person's ability to perceive and react. The argument was improper and injected a false issue into the case. The judgment must be reversed and the case must be remanded for a new trial on this basis also.

3. Error requiring reversal did not occur with regard to defense counsel's reference to two of the plaintiff's medical witnesses as litigation doctors who were paid a large amount of money and use

extremely colorful language in the form of memorized speeches and pat answers.

4. The proofs were sufficient to allow defense counsel to argue that the plaintiff may have been comparatively negligent as a result of exceeding the posted speed limit.

5. The trial court did not abuse its discretion in denying the plaintiff's request to reopen her direct examination to present evidence regarding a claim of which the defendant had not been given notice.

6. The defendant's cross appeal is moot.

Reversed and remanded for a new trial.

1. TRIAL — DAMAGES — IMPROPER ARGUMENT TO JURY — ADVICE OF LICENSED MEDICAL CARE PROVIDER.

Defense counsel may not invite a jury to reduce a plaintiff's award of damages because the plaintiff may have exacerbated an injury by following the advice of a licensed medical care provider that was contrary to the advice the plaintiff received from other licensed medical care providers; a patient may follow the advice of a licensed medical care provider without risking a reduced award of damages for following such advice; a plaintiff is not required to establish affirmative prejudice as a result of such improper argument.

2. TRIAL — EVIDENCE — IMPROPER ARGUMENT TO JURY.

Defense counsel may not urge a jury to consider an argument not supported by evidence.

3. TRIAL — WITNESSES — EXPERT WITNESSES.

A trial court does not abuse its discretion in allowing defense counsel to characterize a plaintiff's expert medical witnesses as "litigation doctors" who spend a significant portion of their time evaluating injured persons for attorneys and giving testimony in lawsuits for which they are well compensated where the record supports the characterizations.

*Lakin, Worsham & Victor, P.C.* (by *Larry A. Smith*), for the plaintiff.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Michael L. Updike*), for the defendant.

Before: TAYLOR, P.J. and FITZGERALD and P. D. HOUK,* JJ

TAYLOR, P. J. Following a jury trial, plaintiff was awarded $35,992.85 for injuries sustained in a car accident. Defendant was subsequently awarded $8,000 in attorney fees as offer-of-judgment sanctions. Plaintiff appeals as of right the trial court's denial of her motion for a new trial or additur and the appropriateness of the award of offer-of-judgment sanctions. Defendant cross appeals the amount of attorney fees awarded as offer-of-judgment sanctions. We reverse and remand for a new trial.

Plaintiff testified that she was traveling north on Inkster Road in Dearborn Heights and that the traffic light was green just before she entered the intersection with Ann Arbor Trail. She stated that defendant was stopped in the left-turn lane of southbound Inkster Road and, as she was entering the intersection, he pulled directly into her path in an attempt to make a left turn. A passenger in plaintiff's vehicle testified that defendant turned in front of plaintiff without warning and that the light was green. The vehicles collided, and plaintiff was taken to the hospital with an injured right foot.

Defendant died after commencement of this lawsuit, but not before his deposition was taken. At trial, this deposition was read to the jury. He stated that he was indeed traveling south on Inkster Road and that the light was green when he was one hundred to two hundred feet from the intersection. As he approached, he pulled into the left-turn lane, signaled, stopped,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

and waited for traffic to clear. The light was yellow just before he started his turn, and he turned believing he had the right of way. As he proceeded through the intersection, there was a collision as the left front of his vehicle made contact with the front portion of plaintiff's vehicle. The jury found that defendant's negligence had been a proximate cause of the accident and that plaintiff had suffered a serious impairment of body function, but that plaintiff had been fifty percent comparatively negligent.

Plaintiff argues that defense counsel engaged in several improper arguments. We reverse on the basis of two improper arguments made by defense counsel.

When reviewing asserted improper comments by an attorney, we first determine whether the attorney's action was error and, if it was, whether the error requires reversal. *Wilson v General Motors Corp*, 183 Mich App 21, 26; 454 NW2d 405 (1990). An attorney's comments usually will not be cause for reversal unless they indicate a deliberate course of conduct aimed at preventing a fair and impartial trial. *Id.* Reversal is required only where the prejudicial statements of an attorney reflect a studied purpose to inflame or prejudice a jury or deflect the jury's attention from the issues involved. *Hammack v Lutheran Social Services*, 211 Mich App 1, 9; 535 NW2d 215 (1995).

Plaintiff testified that her foot was stiff as a result of the accident. During closing argument, defense counsel argued that this may have been a result of plaintiff's using a wrap for her foot in accordance with her podiatrist's advice, which had been contrary to the advice of two orthopedic surgeons. Although plaintiff's counsel did not object to this argument, we

find that it was error requiring reversal. Defense counsel's argument invited the jury to reduce plaintiff's damages because her injury may have been exacerbated by following the advice of her podiatrist as opposed to the advice of the two orthopedic surgeons. This was improper argument that may have denied plaintiff a fair trial. A patient may follow a licensed medical care provider's advice without risking a reduced award of damages for following such advice. *McAuliff v Gabriel*, 34 Mich App 344, 348-349; 191 NW2d 128 (1971). This improper argument may well have influenced the jury's determination that plaintiff had been fifty percent comparatively negligent and may have caused the jury to award only $1,000 a year for future pain and suffering. Plaintiff is not required to establish affirmative prejudice as a consequence of this improper argument. *Reetz v Kinsman Marine Transit Co*, 416 Mich 97, 103, n 8, 107, n 20; 330 NW2d 638 (1982).

Plaintiff further contends that defense counsel should not have been allowed to argue that she could have avoided "drinking and then driving" after plaintiff had acknowledged drinking part of a wine cooler before driving. Defense counsel told the jury that it was for it to decide whether it believed plaintiff's drinking part of a wine cooler affected her ability to perceive and react. The court overruled plaintiff's objection to this argument. There was no testimony showing that consuming part of a wine cooler could affect a person's ability to perceive and react. Therefore, this argument was not supported by evidence. Without appropriate foundation testimony, such argu-

ment was improper and injected a false issue into the case.[1]

Plaintiff also argues that the court committed error requiring reversal in allowing defense counsel, during her opening statement, to refer to two of her four medical witnesses as "litigation doctors" who were "paid a large amount of money," used "extremely colorful language" in the form of "memorized speeches," and give "pat answer[s]."

Defense counsel gave her opening statement after having deposed Dr. Sidney Goldman and Dr. Steven Newman, and it was known that these two doctors were going to be testifying at trial by video deposition. Dr. Newman had testified that he gave an average of three depositions a week. He said he had been paid $630 to prepare for and give a two-hour deposition, and that he charged $200 an hour after the first two hours. Dr. Goldman had stated that he doubted he had given ten depositions that month, and that he charged about $700 for the hour his deposition would take because he had to clear his office to let the video camera operator set up and tear down. What constitutes a fair and proper opening statement is left to the discretion of the trial court. *Wilson, supra* at 27. We find that the trial court did not abuse its discretion in allowing defense counsel to argue as she

---

[1] This situation should not be confused with a drunk driving case where a scientifically reliable test has quantified a driver's blood alcohol content at a level at which the Legislature has created a presumption that the driver is impaired or which constitutes a violation of the criminal law per se. MCL 257.625(1), (2); MSA 9.2325(1), (2). Nor is this to say nec essarily that a court could not exercise its discretion to allow such an argument where the amount of alcohol consumed was a much larger amount, providing a proper basis for taking judicial notice that such a quantity of alcohol and time for absorption into the bloodstream would impair a driver. MCR 201(b)(2).

did. There was no impropriety in defense counsel's pointing out that Drs. Goldman and Newman spend a significant portion of their time evaluating injured persons for attorneys and in giving testimony in lawsuits for which they are well compensated. There was record support for these characterizations. *People v Chatfield*, 170 Mich App 831, 834; 428 NW2d 788 (1988). While there is nothing improper about doctors choosing to spend a large amount of time reviewing cases and testifying on behalf of injured persons, this does not mean that a reasonable person, made aware of how often such doctors give depositions, and the noteworthy fees such services command, might not, without pejorative intent, describe such practitioners as "litigation doctors" who "were paid a large amount of money." Cf. *Heins v Detroit Osteopathic Hosp*, 150 Mich App 641, 644-645; 389 NW2d 141 (1986), where this Court stated that it was not inappropriate to refer to a doctor as a "professional witness" where the proofs showed the doctor's practice was limited to evaluations. With regard to the descriptions of their testimony as "extremely colorful," "memorized," and "pat answers," we conclude that such argument is well within the ambit of suitable comment that a jury may evaluate itself. *Reetz, supra* at 109.

Plaintiff also argues that the court committed error requiring reversal in denying her motion for a directed verdict and allowing defendant to argue, and the jury to consider, that she had been comparatively negligent where there was no basis in the record to support any claim that her own negligence was a proximate cause of her injuries.

In deciding if the trial court erred in denying a motion for a directed verdict, we review the evidence

and all legitimate inferences that may be drawn in a light most favorable to the nonmoving party. *Zander v Ogihara Corp*, 213 Mich App 438, 441; 540 NW2d 702 (1995). If reasonable jurors could honestly have reached different conclusions, neither the trial court nor this Court may substitute its judgment for that of the jury. *Id.* Furthermore, directed verdicts are viewed with disfavor in negligence cases. *Berryman v K Mart Corp*, 193 Mich App 88, 91; 483 NW2d 642 (1992).

Plaintiff contends that defense counsel should not have been allowed to argue that she was comparatively negligent for driving at an excessive speed and that the court erred in instructing the jury that it could infer negligence if it found plaintiff had been traveling at an unreasonable speed. The posted speed limit was forty m.p.h. Defense counsel noted that, in her deposition, plaintiff said she had been going forty-five m.p.h. at one point and then argued "if you believe she was going 45, that is certainly evidence of negligence on her part." Plaintiff's counsel did not object to this argument and also did not object to the court's instruction. We find no error. The proofs were sufficient to allow defense counsel to argue that plaintiff may have been comparatively negligent as a result of exceeding the posted speed limit. *McGuire v Rabaut*, 354 Mich 230, 235; 92 NW2d 299 (1958). Defendant had the right to ask the jury to believe his case, however improbable it may have seemed. *Caldwell v Fox*, 394 Mich 401, 407; 231 NW2d 46 (1975). Furthermore, violation of a statute may lead to an inference of negligence. SJI2d 12.01. We also note that the court instructed the jury that it was to disregard anything said by an attorney that was not supported

by evidence and that it had the right to consider all the evidence in light of its own general knowledge and experience in the affairs of life. Finally, MCR 2.516(C) clearly states that to assign error to the giving of a jury instruction a party must object on the record, and plaintiff did not do so here.

Plaintiff next argues that the court erred in not allowing her to present evidence regarding an economic loss she sustained because of having to sell a bar as a result of the accident. The court denied plaintiff's request to reopen her direct examination to present this economic-loss evidence because plaintiff failed to mention the sale of the bar in her complaint, in answering interrogatories, or in the final pretrial order. The court concluded that it would be unfair to reopen her proofs because defendant did not have notice of this claim. We find no abuse of discretion. *Dacon v Transue*, 441 Mich 315, 328-329; 490 NW2d 369 (1992); *Davey v Ikle*, 348 Mich 64, 68; 81 NW2d 233 (1957). The court is free to reconsider this matter at retrial with proper opportunity, of course, for discovery regarding this matter to be afforded defendant.

Given our resolution of earlier issues, we need not decide if the jury's verdict was grossly inadequate to compensate plaintiff for her injuries or if the court erred in denying her motion for additur. Similarly, we need not decide if offer-of-judgment sanctions were appropriate. (Indeed, this issue may never need to be resolved if the parties exchange new offers of judgment after release of this opinion). Finally, defendant's cross appeal regarding the reduction of attorney fees is also moot.

Reversed and remanded for a new trial. We do not retain jurisdiction.