LITTLE *v.* BORMAN FOOD STORES, INC.

1. APPEAL AND ERROR—DIRECTED VERDICT—JUDGMENT NOTWITH-STANDING THE VERDICT—SCOPE OF REVIEW.

On review of a trial court's refusal to grant a defendant's motion for directed verdict or judgment notwithstanding the verdict, the facts are reviewed in the light most favorable to the plaintiff; the test to be applied is whether from the facts in the light most favorable to plaintiff, reasonable men could honestly reach a different conclusion, and if the answer is yes, the question is one of fact for the jury.

2. APPEAL AND ERROR—JUDGMENT NOTWITHSTANDING THE VERDICT—QUESTION OF FACT—DANGEROUS CONDITION—NOTICE.

Judgment notwithstanding a verdict for plaintiff was properly denied where the record showed that on the day the plaintiff was injured in defendant store entranceway by falling the weather had been cold but it had not snowed, the plaintiff

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 886.
[2] 46 Am Jur 2d, Judgments § 123.
[3] 29 Am Jur 2d, Evidence § 793.
[4] 29 Am Jur 2d, Evidence § 275.
    Admissibility of evidence of repairs, change of conditions, or precautions taken after accident.  64 ALR2d 1296, s. 170 ALR 7.

testified that she slipped on something that felt like ice, although no ice was seen before the accident, and her slacks were found to be muddy after the accident, indicating that if there was ice, it may well have been covered by or mixed with dirt and may have been there for some time, and her husband testified that he saw ice and rock salt on the scene shortly after the accident even though defendant's employees testified that there had been no ice that day and that they had not salted all that day; the evidence, viewed in the light most favorable to the plaintiff, created a question of fact for the jury because it could not be said that a reasonable man could not conclude that defendant's premises were in a hazardous condition and that ice had existed for a long enough period that the defendant should have had notice of it.

3. Evidence—Subsequent Observations—Admissibility.

A witness may testify to observations of the scene of an accident made shortly after the accident where there is nothing to indicate that conditions had changed during the time between the accident and the subsequent observation.

4. Evidence — Negligence — Subsequent Precautions — Impeachment.

Evidence of subsequent precautions is not admissible to show negligence but it is admissible when relevant to an issue other than negligence; testimony of observations that rock salt had been put on defendant's entranceway after a slip-and-fall accident was admissible for impeachment of defendant's prior testimony that its employees had not salted the entranceway at any time on the day of the accident where the issue was whether there had been ice in the entranceway.

Appeal from Oakland, Arthur E. Moore, J. Submitted Division 2 March 10, 1971, at Detroit. (Docket No. 9999.) Decided May 20, 1971.

Complaint by Douglas R. Little and Dorothy Little against Borman Food Stores, Inc., for damages from injuries suffered by Mrs. Little when she slipped and fell in the defendant's store entranceway. Judgment for plaintiff. Defendant appeals. Affirmed.

*Bonk, Pollick & Wartell,* for plaintiffs.

*Alexander, Buchanan & Conklin* (by *C. Bruce Taylor*), for defendant.

Before: Danhof, P. J., and McGregor and Levin, JJ.

Danhof, P. J.   On March 2, 1968, the plaintiff, Dorothy Little, went to one of the defendant's supermarkets to return a defective jar of peanut butter.   She parked her car in the store's parking lot and entered the store.   Once within the store she was told by an unidentified woman that a tire on her car was going flat.   Mrs. Little then went to the parking lot to observe her car.   Upon returning to the store she slipped and fell in the store's entranceway.

Mrs. Little testified that she had not observed any ice before she fell.   She stated that she knew she had slipped on ice because she felt it when she slipped.   The plaintiff's mother-in-law testified that when she washed the plaintiff's slacks they were muddy.

The manager and assistant manager of defendant's store testified that there was no precipitation on the day of the accident.   They also stated that on their several trips in and out of the store they saw no ice in the entranceway.   These witnesses also said that on the day of the fall the entranceway was not salted and that ordinarily when there was ice in the entranceway it would be salted.

Plaintiff Douglas Little testified over objection that one-half hour after the accident he saw ice chips and a wet sidewalk around the entranceway.

Mr. Little also testified over objection that two hours after the accident he observed rock salt around the entranceway.

The jury found for the plaintiffs and the defendant has appealed contending that the trial court erred in not granting his motion for judgment *non obstante veredicto* or in the alternative a new trial.

The standard of review we must apply was set forth in *Sparks* v. *Luplow* (1963), 372 Mich 198, 202, as follows:

"It is a well-settled principle of law that on review of a trial court's refusal to grant a motion for a directed verdict or judgment *non obstante veredicto,* the facts are reviewed in the light most favorable to plaintiff. *Tacie* v. *White Motor Co.* [1962], 368 Mich 521, 527. The test used is whether from the facts in the light most favorable to plaintiff, reasonable men could honestly reach a different conclusion. If the answer to this is 'yes,' the question is for the jury. *Anderson* v. *Gene Deming Motor Sales, Inc.* [1963], 371 Mich 223."

The defendant contends that the plaintiffs did not establish that the defendant's premises were in a hazardous or unsafe condition. When the evidence is viewed in the light most favorable to the plaintiff the following findings are possible. The weather was cold. Mrs. Little slipped on something that felt like ice. Mr. Little saw ice at the scene of the fall one-half hour after the accident. The plaintiff's slacks were found to be muddy after the accident. On the basis of this evidence we cannot say that a reasonable man could not conclude that the defendant's premises were in a hazardous condition.

The defendant contends that even if it is established that the entranceway was icy there was no

evidence to support a finding that the condition had existed for a sufficient length of time so that the defendant should have had knowledge of it. If there was ice in the entranceway it was not seen by anyone before the accident. After Mrs. Little fell her slacks were muddy. These two factors indicate that if there was ice it may well have been covered by or mixed with dirt, which in turn indicates that it may have been there for some time. There was testimony that it had not snowed that day and that the parking lot was clear of snow. This tends to negate the idea that the snow had recently been tracked into the entrance. There was no evidence that affirmatively indicated that the ice had been deposited recently. When we view this evidence in light most favorable to the plaintiff we cannot say that a reasonable man could not have concluded that the ice existed for a long enough period that the defendant should have had notice of it.

The defendant's final contention is that the trial court erred in allowing Douglas Little to testify that he had seen ice chips at the scene one-half hour after the accident and that he had seen rock salt two hours after the accident. The observation of ice was made shortly after the accident, and there is nothing to indicate that conditions had changed during the elapsed time. Therefore, this testimony was admissible. *Bannigan* v. *Woodbury* (1911), 166 Mich 491; *Williams* v. *City of Lansing* (1908), 152 Mich 169. The testimony regarding rock salt was also admissible. While evidence of subsequent precautions is not admissible to show negligence it is admissible when it is relevant to an issue other than negligence. *Judis* v. *Borg-Warner Corporation* (1954), 339 Mich 313. The defendant's employees had testified that they had not salted the entrance-

way at any time on the day of the accident. Douglas Little's testimony was admissible to impeach these statements.

Affirmed, costs to the plaintiffs.

All concurred.