RITTER v MEIJER, INC

Docket No. 66570. Submitted August 10, 1983, at Detroit.—Decided
September 19, 1983.

    Viktoria Ritter and Bert Ritter brought an action against defendant, Meijer, Inc., in the Oakland Circuit Court for damages for injuries sustained by Viktoria Ritter as a result of a fall in defendant's store. Viktoria Ritter fell after stepping on a grape. She testified that it felt as if the grape had previously been stepped on. Following the fall, defendant's cashier wiped up the area with a paper towel and then discarded the towel. At the close of plaintiffs' evidence, defendant moved for a directed verdict on the ground that there had not been any evidence to establish that the grape had been on the floor a sufficient length of time to give actual or constructive notice to defendant. The trial court, Hilda R. Gage, J., denied defendant's motion, noting that there had been evidence that the grape had been previously stepped on, indicating that it had been there for some time. The jury returned a verdict for plaintiff Viktoria Ritter. Defendant appeals from the order of judgment entered thereon. *Held:*

    1. The fact that plaintiff described the grape as being white and wet after she stepped on it does not preclude the presumption, arising from defendant's destruction of the evidence, that it was dirty or partially discolored or withered. The trial court's finding that plaintiffs had made a prima facie case can be sustained on the basis of this presumption.

    2. The trial court correctly reasoned that the evidence that the grape had previously been stepped on had sufficiently established that it had been there long enough to give defendant actual or constructive notice.

    3. The legitimate inference is that since a grape only occupies a very small portion of the floor space, it would take some time before someone stepped on it. Even though this amount of time

REFERENCES FOR POINTS IN HEADNOTES
[1] 75 Am Jur 2d, Trial § 482.
[2] 29 Am Jur 2d, Evidence § 177.
[3] 29 Am Jur 2d, Evidence §§ 10, 211-213.
   30 Am Jur 2d, Evidence § 1120.

may be somewhat shorter than it would take for the grape to reach advanced stages of fermentation, it is sufficient to give defendant constructive notice of the existence of the grape. A stomped-upon grape is sufficient evidence to prove constructive notice of a slippery condition.   ·

4. No evidence was brought forth to rebut the inference created by the fact that the grape had previously been stepped on.

5. The motion for a directed verdict was properly denied since the trial court had correctly found that plaintiffs had established a prima facie case.

Affirmed.

1. APPEAL — DIRECTED VERDICT — EVIDENCE.

The standard of review applicable to a trial court's refusal to grant a motion for a directed verdict is whether from the facts, viewed in the light most favorable to the plaintiff, reasonable men could honestly reach a different conclusion; where the answer to this question is "yes" the question is for the jury.

2. EVIDENCE — DESTRUCTION OF EVIDENCE — PRESUMPTIONS.

A presumption arises when a party deliberately destroys evidence that if the evidence were produced at trial it would operate against the party who deliberately destroyed it.

3. NEGLIGENCE — EVIDENCE — INFERENCES — PRIMA FACIE CASE.

A case in negligence may be based on legitimate inferences; when sufficient evidence is presented to take the inference out of the realm of conjecture, a plaintiff makes a prima facie case.

*Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick* (by *Richard E. Shaw),* for plaintiffs.

*Ogne, Jinks, Ecclestone & Alberts, P.C.* (by *Bryan Cermak),* for defendant.

Before: BRONSON, P.J., and T. M. BURNS and J. T. KALLMAN,* JJ.

PER CURIAM. On August 22, 1980, Viktoria Ritter, hereinafter plaintiff, was a customer at the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

defendant's store located in Royal Oak. After finishing her shopping, she paid for her groceries at the store's cashier counter. On her way out of the store, about five or six feet from the checkout counter, she stepped on a grape and fell, sustaining serious injuries. Plaintiff testified that it felt as if the grape had previously been stepped on. Defendant's cashier wiped up the area with a paper towel and then discarded the towel and the grape.

At the close of plaintiffs' evidence, defendant moved for a directed verdict on the ground that there had not been any evidence to establish that the grape had been on the floor a sufficient length of time to give actual or constructive notice to defendant. The trial court denied defendant's motion, noting that there had been evidence that the grape had been previously stepped on, indicating that it had been there for some time. The jury returned a verdict for plaintiff and defendant now brings this appeal.

The standard of review to be used in this case was set forth in *Sparks v Luplow,* 372 Mich 198, 202; 125 NW2d 304 (1963), as follows:

"It is a well-settled principle of law that on review of a trial court's refusal to grant a motion for a directed verdict or judgment *non obstante veredicto,* the facts are reviewed in the light most favorable to plaintiff. *Tacie v White Motor Co,* 368 Mich 521, 527; 118 NW2d 479 (1962). The test used is whether from the facts in the light most favorable to plaintiff, reasonable men could honestly reach a different conclusion. If the answer to this is 'yes', the question is for the jury. *Anderson v Gene Deming Motor Sales, Inc,* 371 Mich 223; 123 NW2d 768 (1963)."

On appeal, defendant's sole argument is that plaintiffs had failed to make out a prima facie case by failing to produce any evidence indicating that

the grape had been on the floor for a sufficient length of time to give the defendant notice of it. Specifically, defendant contends that the grape was not described as being dry, dirty, bruised, darkened, discolored, or withered. Plaintiff had an opportunity to view the grape after stepping on it and described it as flat, white, and juicy. We note that plaintiff made these observations immediately after sustaining a comminuted fracture of her knee, indicating that she may not have been fully able to observe the condition of the grape. Defendant's employee quickly wiped up the area and discarded the grape. When a party deliberately destroys evidence, a presumption arises that if the evidence were produced at trial, it would operate against the party who deliberately destroyed it. *Johnson v Secretary of State,* 406 Mich 420; 280 NW2d 9 (1979). The fact that plaintiff described the grape as being white and wet does not preclude the presumption that it was dirty or partially discolored or withered. The trial court's finding can be sustained on the basis of this presumption.

The trial court also correctly reasoned that the evidence that the grape had previously been stepped on had sufficiently established that it had been there long enough to give defendant actual or constructive notice. A case in negligence may be based on legitimate inferences. *Schedlbauer v Chris-Craft Corp,* 381 Mich 217; 160 NW2d 889 (1968). A plaintiff makes a prima facie case when sufficient evidence is presented to take the inference out of the realm of conjecture. *Shirtley v Drackett Products Co,* 26 Mich App 644; 182 NW2d 726 (1970). Defendant contends that it was possible for the grape to be dropped on the floor and stepped on immediately prior to plaintiff's fall.

This is pure conjecture. The legitimate inference is that since a grape only occupies a very small portion of the floor space, it would take some time before someone would step on it. Even though this amount of time may be somewhat shorter than it would take for the grape to reach advanced stages of fermentation, we feel that it is sufficient to give defendant constructive notice of the existence of the grape. Michigan courts have found similar evidence to indicate constructive notice of a slippery condition on a floor.[1] In *Pollack v Oak Office Bldg,* 7 Mich App 173; 151 NW2d 353 (1967), this Court noted that evidence of skid marks was sufficient to give notice of a slippery condition on a floor. Likewise, a stomped-upon grape is sufficient evidence to prove constructive notice of a slippery condition.

In *Little v Borman Food Stores, Inc,* 33 Mich App 609; 190 NW2d 269 (1971), the plaintiff alleged that she slipped on ice while entering defendant's store. After the plaintiff fell, her slacks were muddy. The Court found that, "[t]hese two factors indicate that if there was ice it may well have been covered by or mixed with dirt, which in turn indicates that it may have been there for some time. * * * There was no evidence that affirmatively indicated that the ice had been deposited recently". 33 Mich App 613. In the instant case, no evidence was brought forth to rebut the inference created by the fact that the grape had previously been stepped on.

[1] Defendant's argument that other jurisdictions have uniformly held that a stepped-on grape does not give constructive notice is erroneous. See Anno: 85 ALR3d 1000. One court even disposed of the requirement of constructive notice finding that it was reasonably foreseeable that a grape may be on the floor of a grocery store. *Thomason v Great Atlantic & Pacific Tea Co, Inc,* 413 F2d 51 (CA 4, 1969). The court reasoned that it saved the plaintiff from the "illogical exaction" of establishing when the grape first fell on the floor.

Since the trial court had correctly found that plaintiffs had established a prima facie case, defendant's motion for a directed verdict was properly denied.

Affirmed.