850 F.2d 692
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Josephine SLAPPEY and Nathaniel Slappey, Plaintiffs-Appellants,
v.
The KROGER COMPANY, Defendant-Appellee.
 No. 87-1851.
 United States Court of Appeals, Sixth Circuit.
 July 5, 1988.
 
 Before MILBURN, RALPH B. GUY, Jr., and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiffs, Josephine and Nathaniel Slappey, appeal from the granting of defendant's summary judgment motion in this action involving a slip and fall which occurred in one of defendant's supermarkets.
 
 
 2
 Upon a review of the record we conclude, as did Judge Taylor, that there are no disputed factual questions and that the defendant was entitled to a summary judgment. Accordingly, we affirm.
 
 I.
 
 3
 On March 14, 1983, plaintiff, Josephine Slappey,[1] was shopping in one of defendant's supermarkets when she stepped in a clear "grease-like" substance and fell. She did not see or otherwise detect the presence of the substance on which she slipped prior to her fall. There was no broken glass or any other kind of package or container on the floor. The accident occurred in the dairy aisle and plaintiff had been in the aisle for sixty to ninety seconds prior to the fall. Other than being reasonably sure that the substance did not get on the floor during the sixty to ninety seconds she was in the dairy aisle, plaintiff had no idea how long the substance may have been on the floor. Plaintiff noted that there were three persons whom she thought to be Kroger employees in the dairy aisle at the time of her fall. One helped her up and the other two employees mopped up the substance that was on the floor. Plaintiff alleges one of the men said the substance should not have been on the floor and someone was going to get into trouble.
 
 II.
 
 4
 On appeal, plaintiff argues that the fact that the substance was mopped up, which she equates with destroying evidence, and the alleged remark of the Kroger employee should have been enough for her to get past a summary judgment motion. We disagree. Since this is a diversity action, the substantive law of the State of Michigan is applied. The duty of a store owner toward its customers in the context of a slip and fall case is set forth in Carpenter v. Herpolsheimer's Co., 278 Mich. 697 (1937), where the court stated:
 
 
 5
 It is the duty of a storekeeper to provide reasonably safe aisles for the customers. Brown v. Stevens, 136 Mich. 311 (16 Am.Neg.Rep. 101). The proprietor is liable for injury resulting from an unsafe condition caused by the active negligence of himself and his employees, Wine v. Newcomb, Endicott & Co., 203 Mich. 445; and he was liable when the unsafe condition, otherwise caused, is known to the storekeeper or is of such a character or has existed a sufficient length of time that he should have knowledge of it.
 
 
 6
 Id. at 698. See also Serinto v. Borman Food Stores, 380 Mich. 637 (1968), where Carpenter is quoted with approval. In Serinto, a supermarket slip and fall case, the plaintiff had stepped on a broken mayonnaise jar. She attempted to establish notice on the part of the defendant supermarket by the fact that she had been in the store forty-five to fifty minutes before falling and had not heard the sound of a jar breaking. From this, plaintiff would have had the jury infer that the broken jar was already on the floor when she entered the store. In rejecting this argument, the Michigan Supreme Court stated that "[t]o permit a jury to infer notice from these things is simply to permit speculation in place of proof." Id. at 642.
 
 
 7
 Similarly, we conclude here that the sixty to ninety seconds that plaintiff was in the dairy aisle is insufficient as a matter of law to be the foundation for a jury inference of either actual or constructive notice on the part of Kroger that there was a spill on the floor.
 
 
 8
 In a like vein, we find the claimed remark from an alleged employee about "someone's going to be in trouble," to be too cryptic and ambiguous to be the basis for a jury inference. Our views in that regard are bolstered by the fact that plaintiff waited just two days short of the three-year statute of limitations to start this suit and there is no indication it had been investigated in the interim. She was unable to produce the identity of any of the alleged employees who witnessed the accident and did not even depose the store manager. The defendant, however, did file an affidavit, which was not countered, to the effect that the store manager was unable to find any employee who was aware of the substance on the floor prior to plaintiff's fall. At the time of the summary judgment motion, discovery had been completed and there was simply nothing in the record which would have allowed a jury to do other than speculate on the issue of notice.
 
 
 9
 Plaintiff also seeks support from Ritter v. Meijer, Inc., 128 Mich.App. 783 (1983). In Ritter, the plaintiff fell on a grape while going through a supermarket check-out line. At trial, defendant moved for a directed verdict on the grounds that there was no evidence that the defendant supermarket had either actual or constructive notice of the grape being on the floor. The trial judge denied the motion on the basis of the fact that plaintiff testified the grape felt like it has been stepped on previously which could indicate it had been there for some time. The court of appeals affirmed and further held that since defendant's employees had mopped up the grape that this constituted the deliberate destruction of evidence which generates a presumption that if that evidence had been produced at trial "it would operate against the party who deliberately destroyed it." Id. at 786.
 
 
 10
 Although we find Ritter's ability to assess through her shoe the condition of a grape on which she was stepping only slightly more remarkable than the logic employed by the Michigan Court, we need only say relative to Ritter, that it is distinguishable on its facts. The "grease" that was mopped up in the instant case would have indicated nothing as to the length of time it had been on the floor. Additionally, we find it prudent, to say the least, for storekeepers to promptly mop up spills that have caused someone to fall.
 
 
 11
 Plaintiff was unable to demonstrate that she could prove an essential element of her case. Under such circumstances, summary judgment was appropriately entered. Celotex Corp. v. Catrett, 477 U.S. 317 (1986).
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 Josephine Slappey's husband has a purely derivative claim for loss of consortium