CLARK v KMART CORPORATION

Docket No. 212749. Submitted June 15, 2000, at Detroit. Decided August 4,
     2000, at 9:05 A.M. Leave to appeal sought.

Annie and Walter Clark brought an action in the Wayne Circuit Court
     against Kmart Corporation, alleging that Annie Clark sustained
     injury as a result of the defendant's negligence when she slipped
     and fell on the floor of a closed checkout lane at one of the defend-
     ant's stores after stepping on some grapes that were on the floor.
     The court; Claudia House Morcom, J., entered judgment on a jury
     verdict and award of damages for the plaintiffs. The defendant
     appealed.

     The Court of Appeals held:

     1. The trial court erred in denying the defendant's motion for a
     directed verdict. A shop owner is liable to invitees for injuries that
     occur on the owner's premises where the active negligence of the
     owner or the owner's employees creates an unsafe condition that
     results in an injury. If the unsafe condition results from other
     causes, the shop owner is liable if the owner knows of the condi-
     tion or it is of such a character or has existed a sufficient length of
     time that the owner should have had knowledge of it. In this case,
     the plaintiffs failed to provide sufficient evidence that the grapes
     were on the floor long enough to give the defendant actual or con-
     structive notice of the hazard posed by the grapes so that the
     defendant can be held liable.

     2. The trial court abused its discretion in giving the jury SJI2d
     6.01(c), which concerns the failure to preserve evidence and the
     negative presumption arising therefrom. Mr. Clark saw the grapes
     but did not testify that they were dirty, discolored, or withered in a
     manner that suggested that the grapes had been on the floor for a
     long time. Given Mr. Clark's opportunity to observe the grapes
     before they were cleaned up by an employee of the defendant
     immediately after Mrs. Clark's slip and fall, and given Mr. Clark's
     opportunity to testify about the grapes, the plaintiffs were not enti-
     tled to any presumption regarding the condition of the grapes.

     3. The trial court erred in instructing the jury that grapes that
     have been stepped on previously are sufficient evidence that the
     defendant had notice of the slippery condition. The plaintiffs did

not provide sufficient evidence that the grapes were smashed before Mrs. Clark encountered them, and the instruction does not accurately state the law.

Reversed.

KELLY, J., dissenting, stated that the trial court did not err in denying the defendant's motion for a directed verdict inasmuch as the evidence, taken in a light most favorable to the plaintiffs, established the grapes had been on the floor long enough to give the defendant notice of the dangerous condition, that the trial court correctly gave the jury SJI2d 6.01 so as to allow the jury to presume from the defendant's immediate cleanup of the floor that the grapes were in a condition that suggested they had been on the floor for a long time, and that the trial court correctly instructed the jury that evidence that the grapes had been stepped on previously was sufficient evidence that they had been on the floor long enough to give the defendant notice of the dangerous condition.

1. NEGLIGENCE — PREMISES LIABILITY — INVITEES.

A shop owner is liable to invitees for injuries that occur on the owner's premises where the active negligence of the owner or the owner's employees creates an unsafe condition that results in an injury; if the unsafe condition results from other causes, the shop owner is liable if the owner knows of the condition or it is of such a character or has existed a sufficient length of time that the owner should have had knowledge of it.

2. NEGLIGENCE — PRIMA FACIE CASE.

The mere occurrence of an accident is not, in and of itself, evidence of negligence; the plaintiff must present some facts that either directly or circumstantially establish negligence.

*Lopatin, Miller, Freedman, Bluestone, Herskovic & Domol* (by *Richard E. Shaw*), for the plaintiffs.

*Cothorn & Stanczyk* (by *Suzanne C. Stanczyk*), for the defendant.

Before: O'CONNELL, P.J., and KELLY and WHITBECK, JJ.

O'CONNELL, P.J. In this negligence action defendant appeals as of right from a judgment, following a jury trial, awarding plaintiffs $50,000, as well as costs and attorney fees. We reverse.

The testimony at trial established that plaintiff Annie Clark and her husband, plaintiff Walter Clark, visited defendant's Super Kmart store in Dearborn at approximately 3:30 A.M. on October 8, 1994. As they walked through a closed checkout lane into the store, Mrs. Clark sustained an injury when she slipped and fell on approximately four or five loose grapes that were scattered on the floor. Mr. Clark testified at trial that he saw footprints from "some big, thick, rubber-soled shoes" leading away from the grapes, which were smashed on the floor.

I

Defendant first claims that the trial court erred in denying its motion for a directed verdict. According to defendant, plaintiffs failed to prove that the grapes were on the floor long enough to place defendant on constructive notice of the hazardous condition. We agree.

This Court reviews de novo a trial court's decision to deny a motion for a directed verdict. *Meagher v Wayne State Univ*, 222 Mich App 700, 708; 565 NW2d 401 (1997). We review all the evidence presented up to the time of the motion to determine whether a question of fact existed. In doing so, we view the evidence in the light most favorable to the nonmoving party, grant it every reasonable inference, and resolve any conflict in the evidence in the nonmoving party's favor. *Kubczak v Chemical Bank & Trust Co*, 456 Mich 653, 663; 575 NW2d 745 (1998); *Zeeland Farm Services, Inc v JBL Enterprises, Inc*, 219 Mich App 190, 195; 555 NW2d 733 (1996). Further, we recognize the unique opportunity of the jurors to observe witnesses and their responsibility to determine the credi-

bility and weight of the testimony. *Id.* If reasonable jurors could have reached different conclusions, we will not substitute our judgment for that of the jury. *Hunt v Freeman*, 217 Mich App 92, 99; 550 NW2d 817 (1996).

A shop owner is liable to invitees for injuries that occur on the owner's premises where the active negligence of the owner or the owner's employees creates an unsafe condition that results in an injury. *Berryman v Kmart Corp*, 193 Mich App 88, 92; 483 NW2d 642 (1992). If the unsafe condition results from other causes, the shop owner is liable if the owner knows of the condition, or it "is of such a character or has existed a sufficient length of time that he should have had knowledge of it." *Id.*, quoting *Serinto v Borman Food Stores*, 380 Mich 637, 640-641; 158 NW2d 485 (1968). In this case, plaintiffs sought to prove that the grapes were on the floor long enough for defendant to have been aware of them.

Defendant's position on appeal is that plaintiffs failed to establish a triable issue regarding whether the grapes were present on the floor long enough to give defendant actual or constructive notice of the hazard. The plaintiff has the burden of producing evidence sufficient to make out a prima facie case. *Berryman, supra* at 91. The mere occurrence of an accident is not, in and of itself, evidence of negligence. The plaintiff must present some facts that either directly or circumstantially establish negligence. *Whitmore v Sears, Roebuck & Co*, 89 Mich App 3, 9; 279 NW2d 318 (1979). Where the circumstances are such as to take the case out of the realm of conjecture and bring it within the field of legitimate inference from established facts, the plaintiff makes at

least a prima facie case. *Berryman, supra* at 91-92; *Shirley v Drackett Products Co,* 26 Mich App 644, 649-650; 182 NW2d 726 (1970).

Plaintiffs rely heavily on *Ritter v Meijer, Inc,* 128 Mich App 783; 341 NW2d 220 (1983). In *Ritter,* the plaintiff testified that she sustained injury when she slipped and fell on a grape in the defendant's grocery store. She further testified that the grape felt as though someone had previously stepped on it. *Id.* at 784-785. The defendant sought a directed verdict on the basis that the plaintiff failed to present any evidence to establish that the grape was on the floor for a sufficient length of time to give the defendant actual or constructive notice of its presence. *Id.* at 785-786. This Court disagreed and concluded that the plaintiff's testimony was sufficient to take her case out of the realm of conjecture. *Id.* at 786. This Court reasoned that because the grape would occupy only a small portion of the floor, the jury could infer that some time would have to pass before someone would step on it. "[A] stomped-upon grape is sufficient evidence to prove constructive notice of a slippery condition." *Id.* at 787. The opinion also stated that the plaintiff was entitled to a presumption that the grape was "dirty or partially discolored or withered" because the defendant's employee quickly wiped up the area and discarded the grape, thereby destroying the evidence. *Id.* at 786.

We decline to apply *Ritter* to the facts of this case. Because *Ritter* was issued before November 1, 1990, we are not bound to follow any rule of law that it established. MCR 7.215(H)(1). We simply find the *Ritter* panel's conclusion, that the jury could infer that the defendant had constructive notice of the grape ·

based on the fact that it was previously stepped on, to be too logically attenuated. In our view, the plaintiffs in the present case were required to show more in order to remove their case from the realm of conjecture. We also note that this case is factually distinguishable from *Ritter*. In the present case, evidence of the grapes' condition came from Mr. Clark, who admitted that he did not notice their smashed condition until after his wife stepped on them. He also testified that while he saw footprints leading away from the grapes, he was not sure if the footprints were attributable to the juice from the grapes themselves.

Nor do we find that plaintiffs were entitled to a presumption that the grapes were dirty, discolored, or withered. In *Ritter*, this Court concluded that the seriousness of the plaintiff's injury may have prevented her from making observations of the grape. One of the defendant's employees further prevented her from viewing the grape when the employee quickly cleaned the area and discarded the grape. In the present case, an employee of defendant also cleaned the area and disposed of the offending fruit. Mr. Clark did have an opportunity to observe the grapes, yet he did not provide any testimony that the grapes were discolored or otherwise in a state of rot. Because the disposal of the grapes did not interfere with plaintiffs' ability to view the grapes and describe their condition, we conclude that plaintiffs were not entitled to any presumption regarding their state or appearance.

Consequently, the trial court erred in denying defendant's motion for a directed verdict. The evidence adduced at trial, when viewed in the light most favorable to plaintiffs, was not sufficient to support an inference of constructive notice of the grapes.

Plaintiffs simply failed to provide sufficient evidence to remove their case from the realm of speculation or conjecture regarding the amount of time the grapes were present on the floor.

II

Defendant also contests a number of the trial court's jury instructions. A full discussion of these challenges is not necessary, however, because we have ruled that the trial court erred in denying defendant's motion for a directed verdict. Nevertheless, insofar as two of the instructions touch on *Ritter, supra*, we provide a brief analysis.

We review a trial court's decision regarding jury instructions for an abuse of discretion. *Joerger v Gordon Food Service, Inc*, 224 Mich App 167, 173; 568 NW2d 365 (1997). When a party so requests, a court must give a standard jury instruction if it is applicable and accurately states the law. MCR 2.516(D)(2). We will not find error requiring reversal if, on balance, the trial court adequately and fairly conveyed the applicable law and theories of the parties to the jury. *Stevens v Veenstra*, 226 Mich App 441, 443; 573 NW2d 341 (1997).

Defendant argues that the trial court abused its discretion in giving SJI2d 6.01(c), which concerns the failure to preserve evidence and the negative presumption arising therefrom. As we stated earlier in this opinion, plaintiffs were not entitled to any presumption with respect to the condition of the grapes. Therefore, the instruction was not applicable.

Defendant also asserts that the trial court erred in instructing the jury as follows:

> Now, a possessor of land . . . has a duty to exercise ordinary care to protect an invitee from unreasonable risks of injury that were known to the possessor or in the exercise of ordinary care that should have been known.
>
> Whether a condition should have been known is to be determined by the nature of the condition, the length of time it existed, and other relevant factors. However, where there is evidence that the grapes had previously been stepped on sufficiently establishes that it had been there long enough to give the store actual or constructive notice.

As an initial matter, we note that the instruction essentially directed the jury to find that defendant was on constructive notice of the presence of the grapes on the floor. Further, plaintiffs in this case did not provide sufficient evidence that the grapes were in a smashed condition before Mrs. Clark encountered them. Finally, because we reject the *Ritter* opinion's conclusion that "a stomped-upon grape is sufficient evidence to prove constructive notice of a slippery condition,"[1] this instruction does not accurately state the law.

Reversed. We do not retain jurisdiction.

WHITBECK, J., concurred.

KELLY, J.(*dissenting*). I dissent because I believe it is quite clear that questions of fact were properly presented to the jury, and its resolution of conflicts and assessments of creditability should not be disturbed by a reviewing court.

The authorities cited by the majority, particularly, *Berryman v Kmart Corp*, 193 Mich App 88; 483

---

[1] As we concluded in part I, *supra*, the law of "grapeology" took a wrong turn at *Ritter*.

NW2d 642 (1992), and *Ritter v Meijer, Inc*, 128 Mich
App 783; 341 NW2d 220 (1983), compel affirmance.

A storekeeper's liability for injuries on its premises
is well established:

> "It is the duty of a storekeeper to provide reasonably safe
> aisles for customers and he is liable for injury resulting
> from an unsafe condition either caused by the active negli-
> gence of himself and his employees or, if otherwise caused,
> where known to the storekeeper or is of such a character
> or *has existed a sufficient length of time that he should
> have had knowledge of it.*" [*Serinto v Borman Food Stores*,
> 380 Mich 637, 640-641; 158 NW2d 485 (1968),  quoting *Car-
> penter v Herpolsheimer's Co*, 278 Mich 697, 698; 271 NW 5
> (1937) (emphasis in *Serinto*; citations omitted).]

In the instant case, the parties do not dispute that
defendant owed plaintiffs a duty to provide reasona-
bly safe aisles. Instead, the parties dispute whether
the evidence, when viewed in a light most favorable
to plaintiffs, was sufficient to establish that defendant
breached its duty. I find that it was. I do not accept
the majority's view that plaintiffs failed to establish a
triable issue whether the grapes were present on the
floor long enough to give defendant actual or con-
structive notice of hazard. Taken in a light most
favorable to plaintiffs, the evidence showed that the
grapes had been smashed by someone wearing heavy,
lug-soled shoes sometime before Mrs. Clark slipped.
The legitimate inference is that, since the grapes
occupied a very small amount of floor space, it would
take some time before someone would step on them,
especially because the grapes were located in an oth-
erwise closed checkout lane at a time of day when
defendant's business was greatly reduced. See *Ritter*,
*supra* at 786-787. Although defendant's employee

described the grapes as being fresh and juicy, the jury was properly permitted to infer from defendant's act of discarding the grapes before they could be preserved as evidence that the grapes actually were discolored, dirty, or in an advance stage of rot. *Id.* At 785-786. Although defendant presented testimony that the accident area was constantly inspected during the course of business and the hazardous condition was not discovered, a reasonable juror could infer from the evidence that defendant's employees acted negligently by carelessly inspecting the floor and that the hazardous condition did not come into existence just before Mrs. Clark's accident. Indeed, evidence that the floor of the checkout aisle was dirty suggested that the cashier who closed the aisle did not properly clean or inspect it, as defendant required. The trial court did not err in denying defendant's motion for a directed verdict because, viewed in a light most favorable to plaintiffs, the evidence established a prima facie case of negligence.

In discarding the *Ritter* precedent, the majority has substituted its view of the facts for that of the jury. It hefts the jury's view and dismisses it as "too logically attenuated." It enhances the plaintiff's burden with the curious statement that plaintiffs "were required to show more in order to remove their case from the realm of conjecture." More what? The majority's analysis is fatally flawed by its failure to appropriately weigh the evidence that defendant's employee removed and destroyed the grapes before they could be photographed as part of the scene of Mrs. Clark's fall. According to defendant's own evidence, its policy dictated that photographs be taken at the scenes of customer accidents. It was clearly for the jury to

determine whether defendant's excuses for removing the grapes were reasonable.

II

Because its reversal is based on the failure to grant defendant's motion for a directed verdict, the majority opines that defendant's jury instruction issues need not receive "a full discussion." I agree.

However, I believe the trial court did not abuse its discretion by giving SJI2d 6.01, which concerns the failure to preserve evidence and the negative presumption arising therefrom. Because the defendant's employees failed to follow defendant's policies regarding photographs, the instruction was necessary to guide the jury in determining whether defendant's excuses for removing the grapes were reasonable. The trial court was clearly within its discretion in giving the instruction.

Defendant's second allegation of instructional error implicates the duty of a possessor of land. Mr. Clark saw a set of dirty footprints from "some big, thick, rubber-soled shoes" leading away from the smashed grapes and going approximately three feet into defendant's store. Obviously, circumstantial evidence indicated that someone had stepped on the grapes before Mrs. Clark's accident. I believe the instruction was proper.

I would affirm.