*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BETTY BILLINGTON,

      Plaintiff-Appellant,

v

LAUREL WOOD APARTMENT NORTH,
LAUREL WOOD APARTMENT SOUTH,
LAUREL APARTMENT COMPANY, and
MICHIGAN REAL ESTATE PROPERTY
CORPORATION,

      Defendants-Appellees.

UNPUBLISHED
September 10, 2019

No. 344661
Oakland Circuit Court
LC No. 2017-156885-NO

Before: JANSEN, P.J., and CAMERON and TUKEL, JJ.

PER CURIAM.

Plaintiff appeals as of right the order denying plaintiff's motion for summary disposition brought under MCR 2.116(C)(9), and granting summary disposition in favor of defendants under MCR 2.116(C)(10). We affirm.

## I. RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This premises liability action arises out of injuries sustained by plaintiff on November 1, 2015, while attending a social gathering at the Laurel Woods Apartments (Laurel Woods) located in Southfield, Michigan. Defendants own, operate, and maintain the apartment complex. Glenn and Roxie Hare hosted the social gathering, which took place in the Laurel Woods clubhouse. The clubhouse is available for rent to tenants of Laurel Woods. The Hares are not tenants of Laurel Woods. However, their friends, Sheldon and Laura Springfield, are tenants, and leased the complex's clubhouse on behalf of the Hares.

Anyone who rents the clubhouse is responsible for setting up tables and chairs, which are provided by defendants and kept in a storage room. Defendants provide metal folding chairs and white resin chairs. Usually, the white resin chairs are used at the pool and brought inside when the pool closes for the season. Here, the Hares set up for the gathering, and placed the white resin chairs at the tables instead of the metal folding chairs. Shortly after her arrival, plaintiff got

a plate of food and went to sit down to eat at a table. Plaintiff was uncomfortable sitting in a white resin chair, and decided to get up to move to a couch. However, when plaintiff put her arms on the armrest of the white resin chair and began to stand up, one of the chair's legs gave way and plaintiff fell.

Plaintiff filed a three-count complaint alleging negligence, gross negligence, and breach of implied warranty. Following oral and written discovery, and a failed facilitation, the parties filed cross-motions for summary disposition. Plaintiff moved for summary disposition under MCR 2.116(C)(9), arguing that defendants failed to present any valid affirmative defenses, and accordingly, they have no valid defense to liability. Defendants breached their duty to plaintiff, an invitee, by failing to properly inspect the chairs and failing to remove the defective chair from the premises so it could not be used by any clubhouse guests. Accordingly, plaintiff argued, she was entitled to summary disposition in her favor.

Defendants moved for summary disposition under MCR 2.116(C)(10), arguing that plaintiff was unable to provide any evidence that the chair was defective, and likewise there was no evidence that defendants had notice of any defective condition. Therefore, plaintiff cannot establish that defendants breached any duty owed to plaintiff as an invitee, and therefore her claims must fail.

Following a hearing on the parties' motions, at which the parties argued consistent with their briefs, the trial court issued a written opinion and order denying plaintiff's motion for summary disposition, and granting summary disposition in favor of defendant. Specifically, the trial court concluded,

> The Court finds that under the facts presented [d]efendants are entitled to summary disposition. Plaintiff has failed to produce any evidence that the chair was defective or in disrepair. The renters of the clubhouse and the hosts of the event testified that they did not notice any defective furniture when they toured the clubhouse or when they set up the furniture. Plaintiff did not see any defect in the chair before she sat down or while she was sitting in it. Under Michigan law, the occurrence of an accident is not, by itself, evidence of a [d]efendant's negligence. In addition, there is no evidence that [d]efendants had any notice of any defective chair. In the absence of active negligence, the premises owner is only liable for conditions of which it had notice, in that they knew or should have known of the dangerous condition. There is no evidence [d]efendants received complaints about the chair before the incident and the evidence submitted shows that any alleged defect in the chair was not apparent upon cursory inspection. Plaintiff has failed to provide evidence of actual notice or constructive notice.

This appeal followed.

## II. STANDARD OF REVIEW

We review the trial court's decision on a motion for summary disposition de novo. *Sabbagh v Hamilton Psychological Services, PLC*, ___ Mich App ___, ___; ___ NW2d ___ (2019) (Docket No. 343204); slip op at 4. Summary disposition is appropriate under MCR

2.116(C)(9) when " '[t]he opposing party has failed to state a valid defense to the claim asserted against him or her.' A motion under this subrule tests the sufficiency of a defendant's pleadings by accepting all well-pleaded allegations as true. If the defenses are so clearly untenable as a matter of law that no factual development could possibly deny plaintiff's right to recovery, then summary disposition under this rule is proper." *Taxpayers for Michigan Constitutional Government v Dep't of Technology, Management and Budget*, ___ Mich App ___, ___; ___ NW2d ___ (2019) (Docket No. 334663); slip op at 4, citing *Lepp v Cheboygan Area Schools*, 190 Mich App 726, 730; 476 NW2d 506 (1991).

Summary disposition under MCR 2.116(C)(10) is appropriate where "there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law. A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *George v Allstate Ins Co*, ___ Mich App ___, ___; ___ NW2d ___ (2019) (Docket No. 341876); slip op at 5 (quotation marks and citations omitted). When reviewing a summary disposition motion brought under MCR 2.116(C)(10), the "trial court must consider the pleadings, affidavits, depositions, admissions and other documentary evidence submitted in the light most favorable to the nonmoving party." *Id.*; slip op at 5. Reasonable inferences are drawn in favor of the nonmoving party. *Id.*; slip op at 5.

## III. ANALYSIS

### A. CLOSE OF DISCOVERY

Plaintiff first argues that the trial court prematurely granted summary disposition to defendants where discovery was not yet complete. We disagree.

"A motion under MCR 2.116(C)(10) is generally premature if discovery has not been completed unless there is no fair likelihood that further discovery will yield support for the nonmoving party's position." *Liparoto Const, Inc v Gen. Shale Brick, Inc*, 284 Mich App 25, 33-34; 772 NW2d 801 (2009). A party who opposes a motion brought under MCR 2.116(C)(10) on the grounds that discovery is incomplete must assert that a factual dispute exists, and provide independent evidence to support such an allegation. *Bellows v Del. McDonald's Corp*, 206 Mich App 555, 561; 522 NW2d 707 (1994).

Here, the trial court had entered a scheduling order, which provided that the discovery period would close on June 1, 2018. Defendants filed their motion for summary disposition on March 21, 2018, well before the close of discovery, and while some discovery requests from plaintiff were outstanding. Plaintiff's position, that defendants breached a duty owed to her, is premised on her belief that defendants had constructive notice of a defect in the chair that broke, causing her to fall and be injured. However, plaintiff failed to present any evidence that a defect in the chair was discoverable prior to her fall. At the time that defendants filed their motion, the majority of written and oral discovery had been completed, and no witness had testified in plaintiff's favor regarding notice of any defect in the chair. Although some discovery was outstanding, nothing plaintiff had requested (where the chair was purchased, who manufactured the chair, how much defendants paid for the chair) would have provided further factual support

for her position.  Therefore, summary disposition was not premature.  *Peterson Novelties, Inc v Berkley*, 259 Mich App 1, 25; 672 NW2d 351 (2003).

## B. FAILURE TO PRESERVE EVIDENCE

Second, plaintiff argues that the trial court erroneously granted summary disposition where defendants failed to preserve the broken chair central to her case, and accordingly this Court should remand this matter back to the trial court to determine an appropriate spoliation sanction.  We disagree.

"Even when an action has not been commenced and there is only a potential for litigation, the litigant is under a duty to preserve evidence that it knows or reasonably should know is relevant to the action." *Brenner v Kolk*, 226 Mich App 149, 162; 573 NW2d 65 (1997) (citation omitted).  "A trial court has the authority, derived from its inherent powers, to sanction a party for failing to preserve evidence that it knows or should know is relevant before litigation is commenced." *Bloemendaal v Town & Country Sports Ctr, Inc.,* 255 Mich App 207, 211; 659 NW2d 684 (2002).

Here, it is undisputed that defendants failed to preserve the broken chair.  True, defendants were aware that the chair had broken and a clubhouse guest had fallen as a result.  Both Roxie Hare and Laura Springfield called defendants to inform them that someone had fallen during the November 1, 2015 event, and that a chair had broken.  However, defendants never heard directly from plaintiff regarding the broken chair, or her injuries, until many months later.  Therefore, we cannot conclude that defendants should have reasonably anticipated litigation stemming from plaintiff's fall.

Moreover, although plaintiff claims she was prejudiced by defendants' failure to preserve the chair because she was unable to respond to defendants' "assertion that the chair was not defective or in disrepair," plaintiff or her husband took photos of the broken chair contemporaneously to her fall.  Plaintiff fails to explain how the actual chair, and not just the photos, are required to dispute defendants' claim that it did not have actual or constructive notice of a defect in the chair.  Finally, as discussed *infra*, plaintiff has not presented any evidence that the actual chair, or the photos of the chair, would be sufficient to establish that defendant had notice of a defect in the chair in order to impose liability.

## C. ACTUAL OR CONSTRUCTIVE NOTICE OF DEFECT

Finally, plaintiff argues that a genuine issue of material fact regarding whether defendants had actual or constructive notice of a defect in the chair exists, and therefore summary disposition in favor of defendant was erroneous.  Again, we disagree.

"In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Estate of Trueblood v P&G Apartments, LLC*, ___ Mich App ___, ___; ___ NW2d ___ (2019) (Docket No. 340642); slip op at 4-5 (quotation marks and citation omitted).  Here, plaintiff was an invitee.  "[A] premises possessor owes a duty to an invitee to exercise reasonable care to protect

the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001). A possessor of land is subject to liability for harm to an invitee for injuries caused by a condition of the land:

> if, and only if, all of the following are true: the possessor (a) knows, or by the existence of reasonable care would discover, the condition, and should realize that it involves an unreasonable risk of harm to such invitees, (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger. [*Prebenda v Tartaglia*, 245 Mich App 168, 169; 627 NW2d 610 (2001).]

Plaintiff admits in her brief on appeal "there is no evidence that [d]efendants had actual notice of the defective or damaged condition of the chair prior to her fall." However, plaintiff maintains that there is a genuine issue of material fact as to whether defendants had *constructive* notice of the damaged or defective chair such that defendants breached their duty to plaintiff.

A landowner has constructive notice of a defect if the condition "has existed a sufficient length of time," and the defect was discoverable. *Banks v Exxon Mobil Corp*, 477 Mich 983, 983-984; 725 NW2d 455 (2007). Plaintiff argues that because defendants' agent

> testified he inspects the furniture before and after every event at the clubhouse and that the last time the white chairs were inspected was the fall of 2015 when they were removed from the pool area for storage, it can be inferred that there were no other events that occurred at the clubhouse between the time the chairs were stored and the time of [p]laintiff's injury.

Accordingly, plaintiff argues that it should be assumed that the chair was defective or damaged at the time of her injury.

Although plaintiff may be able to establish that any defect had existed for "a sufficient length of time," plaintiff fails to present any evidence that the defect was discoverable. There is no evidence that anyone observed a defect while touring the clubhouse, while setting up the event, or immediately before plaintiff sat in the chair. Moreover, defendants cannot be liable simply because the chair broke. "The mere occurrence of an accident is not, in and of itself, evidence of negligence." *Clark v Kmart Corp*, 242 Mich App 137, 140; 617 NW2d 729 (2000), rev'd on other grounds by 465 Mich 416; 634 NW2d 347 (2001). Plaintiff has the burden of establishing a prima facie case of negligence, and must do so either directly or circumstantially. *Id*. at 140. Plaintiff has failed to do so here, and therefore the trial court properly granted summary disposition in favor of defendants.

Affirmed.

/s/ Kathleen Jansen
/s/ Thomas C. Cameron
/s/ Jonathan Tukel